UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**
07CR145A

**Decision**
**&**
**Order**

v.

Scott D. Geise,

Defendant.

_____

Before the Court is the defendant's omnibus motion seeking severance of the various

counts in the indictment, and various pretrial discovery (Docket No. 11 and Docket No. 15).

**Background**

On December 18, 2007, the Grand Jury issued a Superceding Indictment charging

defendant, Scott D, Geise ("Geise"), with the following: willfully and unlawfully aiding and

abetting another individual to embezzle, steal and convert $6,970.00 belonging to an employee

welfare benefit plan in violation of 18 U.S.C. §§644 and 2 [Count 1]; knowingly and willfully

making false statements in connection with the submission of fraudulent dental insurance calims

seeking payment for dental services not actually provided in violation of 18 U.S.C. §§1035(a)(2)

and (2) [Counts 2-58]; making false statements on his personal federal tax return for each year

between 2002 and 2005 in violation of 26 U.S.C. §7206(1) [Counts 59-62]; and making false

statements on the federal tax return filed for Newfane Family Dentistry, P.C. for each year

1

between 2003 and 2005 in violation of 26 U.S.C. §7206(1) [Counts 63-65].

## Discussion

The defendant seeks to sever Count 1, Counts 2-58 and Counts 59-65 respectively.  In effect, the defendant seeks to have three separate trials relating to the charges included in the Superceding Indictment.  The defendant also seeks the following discovery: a hearing under Daubert[1] regarding the qualifications of any expert witnesses; disclosure of any government informants; discovery under Rule 16; disclosure of Brady[2] material; disclosure of material under Rules 404 and 609 of the Federal Rules of Evidence; disclosure of Jencks Act (18 U.S.C. §3500 et seq.) material; preservation of rough notes; active participation of counsel in *voir dire*; production of government summaries; motion to *voir dire* government witnesses outside presence of the jury; disclosure of grand jury transcripts; a bill of particulars.[3]

**Disclosure of Informants**

Geise seeks the pre-trial disclosure of the identity of any informants in this case.  The

---

[1] Daubert v. Merrell Dow, 509 U.S. 579 (1993).

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3]   The defendant's motion for severance, for a Daubert hearing, for active participation of counsel in *voir dire*, production of government summaries, and the ability to *voir dire* government witnesses outside the presence of the jury are all issues better addressed by the District Court Judge presiding over the trial in this case.  The Court does not further address these issues in this decision.

government is not required to furnish the identities of informants unless it is essential to the

defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d

1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988).  Rule 16 does not require the

government to disclose the names of witnesses prior to trial.  United States v. Bejasa, 904 F.2d

137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).  The defendant has not established that the

pre-trial disclosure of the identities of any informants is essential to his defense.


**Rule 16 Discovery**

The defendant seeks disclosure of various categories of discovery pursuant to Rule 16 of

the Federal Rules of Criminal Procedure.  The defendant did not identify any outstanding

discovery issue at oral argument with respect to this motion.  It appears that the government has

provided, or agreed to provide the information sought in the respective requests to the extent it

exists.


**Brady & Jencks  Material**

The defendant has requested that the government disclose all materials potentially

favorable to the defendants, including information to be used for the impeachment of the

government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its

progeny. Brady material, as those cases have come to define it, includes all evidence which may

be favorable to the defendant and material to the issue of guilt or punishment. Such evidence

includes "[a]ny and all records and/or information which might be helpful or useful to the

defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct

attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

3

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which he seeks to obtain. The government has represented that it will provide all impeachment material in its possession in accordance with the schedule set by the trial judge and no later than when the government produces Jencks Act material. (Docket No. 19 at pages 13-14).

Neither the Supreme Court, nor the Second Circuit,[4] have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790

---

[4] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

(S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1 988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, balancing all of the above factors, the Court concludes that disclosure

of such impeachment-<u>Brady</u> material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient. With respect to material that would fall purely under the Jencks Act, such information is to be disclosed in compliance with the District Court's trial order.

**Rule 404 and Rule 609 Evidence**

The defendant  requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The government has represented that it will advise the defendant of its intent to use "other acts" in disclosures made pursuant to the pretrial order issued by the trial judge in this matter. (Docket No. 19 at page 15).   The government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendant's requests under Rule 609, the only notice requirement imposed by either rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."  To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement.

**Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct

6

the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant

from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at

trial.  U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990).  The government is not obligated to "preview

its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v.

Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the

crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the indictment, and upon the discovery and information already provided

or promised in this case, the defendant has not demonstrated that further particularization is

required to protect him from double jeopardy or to enable him to adequately prepare a defense

and avoid surprise at trial.

**Preservation of Evidence and Rough Notes**

The defendant has requested the preservation of rough notes and other evidence taken by

law enforcement agents involved.  The government is directed to preserve such information.

**Disclosure of Grand Jury Transcripts**

The defendant also seeks disclosure of the grand jury transcripts.  There is a presumption

that grand jury proceedings are lawful and regular, (United States v. Torres, 901 F.2d 205, 232

(2d Cir.) (quoting Hamling v. United States, 418 U.S. 87, 139 n. 23, 94 S.Ct. 2887, 2918 n. 23,

41 L.Ed.2d 590 (1974), *cert*. denied, 498 U.S. 906, 111 S.Ct. 273, 112  L.Ed.2d 229 (1990)), and

disclosure of grand jury proceedings is available only by order of the Court.  (See  Fed.R.Crim.P.

6(e)).  A party seeking disclosure of  grand jury proceedings bears the burden of establishing a

"particularized need"  or "compelling necessity" for such disclosure which outweighs the policy

of  grand jury secrecy.  <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S.  211, 99 S.Ct. 1667,

60 L.Ed.2d 156 (1979);  <u>Pittsburgh Plate Glass Co. v.  United States</u>, 360 U.S. 395, 400, 79 S.Ct.

1237, 1241, 3 L.Ed.2d 1323 (1959);  <u>In re Rosahn</u>, 671 F.2d 690, 695 (2d Cir.1982).

Unspecified allegations of  impropriety or mere speculation are not sufficient to satisfy this heavy

burden.  <u>United States v. Calandra</u>, 414 U.S. 338, 345, 94 S.Ct. 613, 618-19,  38 L.Ed.2d 561

(1974).  Therefore, "review of grand jury minutes is rarely  permitted without specific factual

allegations of governmental misconduct."  <u>Torres</u>, 901 F.2d at 233.

 The defendant has not presented any particularized need or advanced any proof

controverting the presumption of regularity in the grand jury proceedings in this case. This

request is denied.


### Conclusion

 The defendant's various discovery requests are granted in part and denied in part

consistent with the above.

 So Ordered.


_____

       _/s/ Hugh B. Scott_
       United States Magistrate Judge
       Western District of New York

Buffalo, New York
July 8, 2008