UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════════

SCOTT D. GEISE,

                              Petitioner,

                                                    **DECISION AND ORDER**
                                                         11-CV-362A
                 v.                                      07-CR-145A


UNITED STATES OF AMERICA,

                              Respondent.

═══════════════════════════════════════

## I.      INTRODUCTION

Pending before the Court is a motion by petitioner Scott Geise to vacate his

sentence pursuant to 28 U.S.C. § 2255.  In support of his motion, petitioner

submits two ways in which he received ineffective assistance of counsel in

violation of his Sixth Amendment rights.  First, petitioner argues that his trial

counsel failed to challenge Count One of the superseding indictment as untimely.

Second, petitioner argues that his trial counsel failed to take advantage of alleged

violations of the Speedy Trial Act.  Respondent counters that petitioner voluntarily

stopped the trial that had begun, and then knowingly and voluntarily entered a

plea agreement that waived his right to collateral attack on any sentence falling

within the advisory guidelines range.  In the alternative, respondent contends that

the two counts that formed the factual basis of the plea agreement were timely,

and that none of the exclusions of speedy trial time were improper.

The Court has deemed the motion submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure.  For the reasons below, the Court denies the motion.

## II.    BACKGROUND

This case concerned allegations that petitioner, a dentist who practiced in Newfane, New York, billed insurance companies for services that he did not perform and hid the resulting income from the Internal Revenue Service. Respondent filed the original indictment on June 26, 2007.  The original indictment charged petitioner with one count of embezzlement from an employee welfare benefit plan, in violation of 18 U.S.C. § 664; and eight counts of false statements relating to health care matters, in violation of 18 U.S.C. § 1035(a)(2). The original indictment came several months after petitioner, his trial counsel, and respondent all signed a written agreement dated December 6, 2006 concerning the possibility of a defense on limitations grounds.  (*See* Dkt. No. 101-1.)  In the agreement, petitioner agreed to waive any limitations defenses for a one-year period running from June 30, 2006, in exchange for continued discussions about a possible pre-indictment disposition.  The agreement stated that during such discussions, petitioner would remain "fully cognizant that such a settlement is not a certainty, nor is it a condition of the statute of limitations waiver previously mentioned."  (*Id*. at 1.)

2

Respondent subsequently replaced the original indictment with a superseding indictment that it filed on December 18, 2007.  Count One, alleging embezzlement in violation of 18 U.S.C. § 664, did not change.  The eight counts from the original indictment alleging false statements in violation of 18 U.S.C. § 1035(a)(2) also did not change, though they were renumbered.  As for changes in the superseding indictment, respondent added 49 more counts of false statements in violation of 18 U.S.C. § 1035(a)(2).  Each of these 57 counts constituted one alleged instance of a claim that petitioner submitted to an insurer for a service that he did not perform.  The superseding indictment also contained seven new counts of willfully filing a false tax return in violation of 26 U.S.C. § 7206(1).

From the filing of the original indictment, petitioner's case proceeded through a course of pretrial proceedings and motion practice, with corresponding exclusions of time under 18 U.S.C. § 3161.  One part of this course warrants specific mention because it forms part of the basis for petitioner's motion.  On December 11, 2007, petitioner filed an amended omnibus motion (Dkt. No. 11) that included a motion to sever Count One of the original indictment from other counts and a motion for a bill of particulars for all counts, including Count One. After respondent filed the superseding indictment, petitioner supplemented his pending omnibus motion (Dkt. No. 15) to account for the new indictment. Magistrate Judge Hugh B. Scott issued an order on July 8, 2008 (Dkt. No. 21)

3

granting in part and denying in part the relief requested in the original and

supplemental omnibus motions.  While these motions were pending, Magistrate

Judge Scott[1] excluded time pursuant to 18 U.S.C. § 3161(h)(1)(F).[2]  On the issue

of severance and other issues relating directly to trial, Magistrate Judge Scott

deferred to this Court.  (See Dkt. No. 21 at 2 n.3 (noting that these issues would

be "better addressed by the District Court Judge presiding over the trial in this

case").)  This Court granted the motion for severance on January 20, 2009.  (Dkt.

No. 33.)

The Court presided over jury selection on March 2, 2010 and began

petitioner's trial on March 3, 2010.  On March 5, 2010, before respondent's first

witness had finished testifying, petitioner decided to stop the trial and to enter a

plea agreement.  In paragraph 1 of the plea agreement, petitioner agreed to

plead guilty to Count Three and Count 63 of the superseding indictment.  In

paragraph 15, the parties agreed that petitioner's criminal history category would

be I and that his total offense level would be 14.  The parties agreed further that

the advisory sentencing range would be a term of imprisonment of 15 to 21

---

[1] A small portion of time that passed while the motions were pending, covering December 28, 2007 to January 10, 2008, had been excluded by Magistrate Judge Jeremiah J. McCarthy in the interests of justice pursuant to 18 U.S.C. § 3161(h)(8)(A), upon arraignment on the superseding indictment.

[2] Section 3161(h)(1)(F) has since been renumbered to Section 3161(h)(1)(D).  See Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 13, 122 Stat. 4291, 4294 (2008).

months, a fine of $4,000 to $40,000, and a period of supervised release of 2 to 3 years.  In paragraph 22, petitioner agreed to waive his right to appeal and collaterally attack any component of a sentence that the Court imposed that fell within or below the advisory sentencing range.  In paragraph 23, petitioner agreed that his waiver of his rights to a collateral attack included a waiver of "the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence."  (Dkt. No. 85 at 15.)  In the last paragraph, above his signature, petitioner agreed that he understood all of the consequences of his guilty plea, that he agreed fully with the contents of the agreement, and that he was signing the agreement voluntarily and of his own free will.  During the plea colloquy on March 5, 2010, the Court had respondent review the paragraphs of the plea agreement noted above and asked petitioner whether he had any questions about the agreement.  Petitioner said no.  (Dkt. No. 97 at 40.)  Upon further questioning by the Court, petitioner indicated that no one was forcing him to plead guilty, that no one threatened him in any way, and that he understood that he was waiving his right to appeal the conviction.  (*See id*. at 42–43.)  Before formally entering his plea of guilty, petitioner stated one more time that he understood all the possible consequences of his plea and that he had no questions.  (*Id.* at 45.)

The Court sentenced petitioner on July 19, 2010.  The Court sentenced petitioner to a term of imprisonment of 15 months on Count Three and of 15 months on Count 63, with both terms to run concurrently; a term of supervised release of three years on Count Three and of one year on Count 63, with both terms to run concurrently; and restitution in the amount of $127,804.82 with no fine.  Petitioner's sentence thus fell within the range that the parties had contemplated in the plea agreement.

On April 28, 2011, petitioner filed the pending motion to vacate.  Petitioner raises two grounds for relief based on ineffective assistance of counsel.  First, petitioner argues that Count One of the original and superseding indictments was untimely.  According to petitioner, the factual basis for Count One ended by January 9, 2002, while he was not originally indicted until June 26, 2007.  Because more than five years passed between the events underlying Count One and his original indictment, petitioner believes that his trial counsel should have moved to dismiss Count One on limitations grounds and then moved to dismiss the rest of the superseding indictment as too dependent on Count One.  Second, petitioner argues in essence that every exclusion of speedy trial time that occurred in his case violated the Speedy Trial Act because they caused his trial to begin far more than 70 days after his initial indictment.

Respondent counters that the waiver provisions of the plea agreement bar petitioner's motion because he was sentenced within the advisory guidelines

range.  Alternatively, respondent considers the argument about limitations periods groundless because petitioner knowingly and voluntarily signed a one-year waiver of that defense and because the original indictment was filed before the waiver expired.  Respondent's response to the argument about speedy trial time is somewhat puzzling.  Respondent contends that all but one exclusion of speedy trial time occurred after a proper finding that the exclusion would serve the interests of justice.  As for the time between January 10, 2008 and April 30, 2008, however, respondent apparently overlooks the omnibus motion that was pending as of December 11, 2007 and concedes that any time excluded for the preparation of the supplemental omnibus motion was not accompanied by any findings in the interest of justice.  Respondent then advances two reasons why petitioner's argument should be rejected anyway.  First, respondent contends that the exclusion of time for motion preparation without a finding in the interest of justice occurred while such an exclusion was still proper under *U.S. v. Oberoi*, 547 F.3d 436 (2d Cir. 2008), *abrogated by Bloate v. U.S.*, ___ U.S. ___, 130 S. Ct. 1345 (2010).  In this context, respondent essentially is asking the Court to uphold the provision of the plea agreement concerning future changes in the law and not to make *Bloate* retroactive.  Second, respondent argues that any speedy trial error that occurred between January 10, 2008 and April 30, 2008 would not have prejudiced petitioner because the worst penalty for such an error would be dismissal without prejudice.

7

III.    **DISCUSSION**

A.    ***Section 2255 and* Pro Se *Papers Generally***

To prevail on his motion, petitioner must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  For the specific issue of ineffective assistance of counsel, "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

As for petitioner's papers, "the Court is mindful that Plaintiff[] [is] proceeding *pro se*, and that [his] submissions should thus be held to less stringent standards than formal pleadings drafted by lawyers.  Moreover, when plaintiffs bring a case *pro se*, the Court must construe their pleadings liberally and

8

should interpret them to raise the strongest arguments that they suggest.  Still, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 559 (S.D.N.Y. 2008) (internal quotation marks and citations omitted).

The Court will assess the pending motion in this context.

**B.**    ***Waiver***

"In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.  Such a remedy would render the plea bargaining process and the resulting agreement meaningless."  *U.S. v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993).  Here, petitioner entered two different agreements from which he benefitted and that constitute two different types of waiver.  Petitioner signed respondent's December 6, 2006 letter explicitly exchanging a statute of limitations defense for one year for a continued discussion of a possible plea resolution. Although the case did not end in a plea at that time, petitioner did have the chance to explore that possibility.  All of the circumstances underlying petitioner's argument about the failure to raise the limitations defense occurred during the one-year period set forth in this agreement.  At no time during the pretrial proceedings, the trial that had begun, the plea colloquy, or the sentencing

9

proceedings did petitioner ever suggest anything improper about this agreement. *Cf. Javier v. U.S.*, 590 F. Supp. 2d 560, 561 (S.D.N.Y. 2008) ("[Defendant] stated under oath at his plea hearing that he understood that as part of the plea agreement, he was giving up any defense based on the statute of limitations. Counsel did not raise a statute of limitations defense because [defendant] himself waived that defense.  Counsel's conduct was therefore entirely reasonable, thus warranting denial of [defendant's] claim of ineffective assistance of counsel on this ground.") (citation omitted).  In this context, the Court finds no reason to disturb the terms of the December 6, 2006 agreement almost 5 years after the parties entered it.  The Court also finds no reason to conclude that trial counsel should have taken any action that would have constituted reneging on the agreement.  *Cf. U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.") (citation omitted), *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 404 n.8 (2003).

The plea agreement that petitioner entered similarly constitutes a waiver of his argument concerning speedy trial time.  As noted above and in respondent's papers, every exclusion of speedy trial time that occurred either was accompanied by a finding in the interest of justice or was automatic in light of pending motions.  In particular, petitioner's original omnibus motion was pending between January 10, 2008 and April 30, 2008, meaning that Magistrate Judge

Scott properly excluded time under 18 U.S.C. § 3161(h)(1)(F) (now renumbered to 3161(h)(1)(D)).  *See Henderson v. U.S.*, 476 U.S. 321, 330 (1986) ("We . . . hold that Congress intended subsection (F) [now subsection D] to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'"); *U.S. v. Douglas*, 81 F.3d 324, 327 (2d Cir. 1996) (citing *Henderson*).  Since the exclusions of time were proper, anything left of petitioner's argument would amount to a complaint that trial counsel made a strategic decision not to insist on an immediate trial.  *Cf., e.g., Gilmore v. U.S.*, No. 09 Civ. 1183, 2011 WL 2581774, at *5 (S.D.N.Y. June 23, 2011) ("A defense counsel's strategic decisions will not support an ineffective assistance claim, so long as they were reasonably made.") (citing *Strickland*, 466 U.S. at 689). Disagreements over strategy do not suffice to escape a plea agreement that petitioner said more than once that he was entering knowingly and voluntarily. Additionally, any argument about strategy falls well within the scope of post-conviction challenges that petitioner waived through the plea agreement.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court denies petitioner's motion to vacate his sentence (Dkt. No. 99).  The Clerk of the Court is directed to close the associated civil case, Case No. 11-CV-362.

In addition, because the issues that petitioner raised here are not the kinds of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and thus denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk of the Court within thirty (30) days of the entry of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 18, 2011